AO 91 (Rev. 11/11) Criminal Complaint  Officer: Joseph Camaj  Telephone: (313) 316-7331

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Juan Francisco AGUINAGA-BUENDIA,

Case No. Case: 2:24–mj–30151
Assigned To : Unassigned
Assign. Date : 4/22/2024
USA V. AGUINAGA–BUENDIA (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 16, 2024__ in the county of __Livingston__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a)(b)(1) | Unlawful Re-entry Following Removal from the United States, Prior Felony Conviction |

This criminal complaint is based on these facts:

On or about April 16, 2024, in the Eastern District of Michigan, Southern Division, Juan Francisco AGUINAGA-BUENDIA, an alien from Mexico, who was peviously convicted of a felony offense, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about February 10, 2009, at or near Laredo, Texas, and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326 (a), (b)(1).

[✓] Continued on the attached sheet.

_____
Complainant's signature

Joseph Camaj, Deportation Officer, ICE/ERO
Printed name and title

Sworn to before me and signed in my presence.

_____
Judge's signature

Date: April 22, 2024

City and state: Detroit, Michigan

Kimberly Altman, United States Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Joseph Camaj, declare the following under penalty of perjury:

1. I am a Deportation Officer employed with Immigration and Customs Enforcement (ICE) of the United States Department of Homeland Security, having served with ICE as a Deportation Officer since July 2007. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers and record checks of law enforcement databases. I have also reviewed relevant immigration records relating to Juan Francisco AGUINAGA-BUENDIA, which reveal the following:

2. Juan Francisco AGUINAGA-BUENDIA is a forty-seven-year-old citizen and native of Mexico who last entered the United States on an unknown date, at an unknown place, without inspection by the U.S. Department of Homeland Security.

3. On January 19, 2002, the United States Border Patrol (USBP) encountered AGUINAGA-BUENDIA at or near Columbus, NM and voluntary returned him back to Mexico on the same date.

4. On January 22, 2002, the United States Border Patrol (USBP) encountered AGUINAGA-BUENDIA at or near Lukeville, AZ and voluntary returned him back to Mexico on the same date.

5. On January 20, 2006, the United States Border Patrol (USBP) encountered AGUINAGA-BUENDIA at or near Lukeville, AZ and voluntary returned him back to Mexico on the same date.

6. On March 30, 2008, the United States Border Patrol (USBP) encountered AGUINAGA-BUENDIA at or near Nogales, AZ and voluntary returned him back to Mexico on the same date.

1

7. On January 14, 2009, Immigration and Customs Enforcement encountered AGUINAGA-BUENDIA at or near Clinton Township, MI, and served him with an I-862 (Notice to Appear) form and a Stipulated Request for Removal Order and Waiver of Hearing. On February 3, 2009, pursuant to the Request for Stipulated Removal, an Immigration Judge in Detroit, MI ordered removed AGUINAGA-BUENDIA to Mexico from the United States. On February 10, 2009, ICE removed AGUINAGA-BUENDIA from the United States to Mexico, a foot, via the Laredo, TX Port of Entry.

8. On March 24, 2010, Immigration and Customs Enforcement encountered AGUINAGA-BUENDIA at or near Florence, AZ and served him with an I-871 (Notice of Intent/Decision to Reinstate Prior Order) form ordered by ICE. On March 25, 2010, ICE removed AGUINAGA-BUENDIA from the United States to Mexico, a foot, via the Nogales, AZ Port of Entry.

9. On April 16, 2010, Immigration and Customs Enforcement encountered AGUINAGA-BUENDIA at or near Casa Grande, AZ and served him with an I-871 (Notice of Intent/Decision to Reinstate Prior Order) form ordered by ICE. On April 16, 2010, ICE removed AGUINAGA-BUENDIA from the United States to Mexico, a foot, via the Nogales, AZ Port of Entry.

10. On November 1, 2011, the Plymouth Police Department, in the Eastern District of Michigan, encountered AGUINAGA-BUENDIA at or near Plymouth, MI, and arrested him due to a traffic related offense. On November 2, 2011, after posting a local bond, the Plymouth Police Department turned AGUINAGA-BUENDIA over to Immigration and Customs Enforcement (ICE) in Detroit, MI. On November 2, 2011, ICE served AGUINAGA-BUENDIA with an I-871 (Notice of Intent/Decision to Reinstate Prior Order) form ordered by ICE.

11. On January 12, 2012, AGUINAGA-BUENDIA was prosecuted in the United States District Court for the Eastern District of Michigan, for Unlawful Re-Entry Following Removal, in violation of 8 USC §1326(a). He was sentenced to time served; with a special condition of supervision

that he does not re-enter the United States without permission from the proper authorities.

12. On January 24, 2012, ICE removed AGUINAGA-BUENDIA from the United States to Mexico, a foot, via the Laredo, TX Port of Entry.

13. On April 16, 2024, officers assigned to Field Operations traveled to a specific residence in Pinckney, MI, in search of a targeted criminal alien. After arriving at the residence, officers observed a male exit the residence of the targeted suspect. Officers encountered this male who stated his identification is at home. Officers returned to the residence with this male, who granted consent to the officers to enter his home. Another male was found lying on the living room floor. This male was taken into custody. A third person was heard behind a closed door adjacent to the living room. Officers knocked on the door and a male opened the door and stepped out of the room. This male identified himself as AGUINAGA-BUENDIA and was also taken into custody. AGUINAGA-BUENDIA was transported to the Detroit Field Office for processing. ICE/FBI systems check revealed a positive fingerprint match for Juan Francisco AGUINAGA-BUENDIA, DOB: XX/XX/1976, AXXX XXX 190, a previously removed non-citizen.

14. The aforementioned detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any non-citizen entering or attempting to enter the United States, or any non-citizen present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of non-citizens.

15. On or about April 16, 2024, ICE Officers reviewed immigration file records and Department of Homeland Security electronic records, which revealed that AGUINAGA-BUENDIA, did not obtain the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States.

16. Based on the above information, I believe there is probable cause to conclude that Juan Francisco AGUINAGA-BUENDIA, is a non-citizen, who had previously been convicted of a felony offense and who was found in or reentered the United States after deportation or removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security, all in violation of Title 8, United States Code, Section 1326(a), (b)(1).

_____
Joseph Camaj, Deportation Officer
Immigration and Customs Enforcement

Subscribed and Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Kimberly Altman
United States Magistrate Judge

Dated: April 22, 2024

4